UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – DAYTON

| | | |
|---|---|---|
| **MARK ENSALACO,** | : | Case No. |
| 15 Johnson Street | : | |
| Dayton, Ohio 45410 | : | Judge |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **UNIVERSITY OF DAYTON,** | : | **JURY DEMAND ENDORSED HEREON** |
| c/o ACME Agent, Inc. | : | |
| 41 S. High Street, Suite 2800 | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Now comes, Plaintiff Mark Ensalaco (hereafter "Plaintiff"), by and through undersigned counsel, and files his Complaint against Defendant University of Dayton (hereafter "Defendant") states and avers as follows:

1. Plaintiff is an individual residing in Montgomery County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant.

2. Defendant is an Ohio corporation with its principal place of business in Dayton, Ohio, Montgomery County. At all times alleged herein, Defendant was Plaintiff's employer.

## JURISDICTION AND VENUE

3. Plaintiff incorporates his allegations set forth in the preceding paragraphs as if fully rewritten herein.

4. Jurisdiction over the statutory violation alleged is conferred pursuant to 28 USC § 1331, 42 USC § 12111, 42 USC § 2000e, and 29 USC § 623. Jurisdiction over Plaintiff's state law claims pursuant to Ohio Title 4112 is conferred pursuant to 28 USC § 1367.

1

5. Venue is proper in the Southern District of Ohio Western Division Dayton because all actions took place within Montgomery County, Ohio.

6. Plaintiff satisfied all pre-requisites for filing this lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission (hereafter the "EEOC Notice"). A copy of the EEOC Notice is attached hereto as Exhibit "A."

7. At all times relevant hereto, Plaintiff was an employee of Defendant as the same has been defined by Title VII of the Civil Rights Act of 1964 as amended, 42 USC § 2000e(f), the Age Discrimination in Employment Act, 29 USC § 630(f), the Americans with Disabilities Act of 1990 as amended, 42 USC § 12111(4), and Ohio Title 4112.

8. At all times relevant hereto, Defendant was Plaintiff's employer as the same has been defined by Title VII of the Civil Rights Act of 1964 as amended, 42 USC § 2000e(b), the Age Discrimination in Employment Act, 29 USC § 630(b), the Americans with Disabilities Act of 1990 as amended, 42 USC § 12111(5), and Ohio Title 4112.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates his allegations set forth in the preceding paragraphs as if fully rewritten herein.

10. Plaintiff is Catholic and was born on February 15, 1968. At all times relevant hereto, Plaintiff was over the age of 40.

11. Defendant hired Plaintiff in 1989 and awarded Plaintiff tenure in the mid-1990s.

12. During Plaintiff's more than 30 year career with Defendant, Plaintiff established the Human Rights Center and became its Director, conducted research on human rights issues, and served as the Director of the International Studies Program.

13. Currently, Plaintiff serves as an associate professor of political science and teaches several sections of Integrate Social Science courses to undergraduate students.

14. Plaintiff has a serious medical condition which requires that he use a cane. Plaintiff also experiences frequent intense pain, intestinal swelling, and has limited mobility.

15. Due to Plaintiff's medical condition, it is difficult for Plaintiff to stand for 50 minutes at a time during his classes.

16. In the spring of 2024, Plaintiff requested an accommodation from Defendant to teach his classes remotely.

17. Defendant denied Plaintiff's request to teach remotely. At the same time, Defendant moved Plaintiff's office to the second floor.

18. In August 2024, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP").

19. Defendant informed Plaintiff he was placed on the PIP because Defendant received a student evaluation which stated that Plaintiff taught poorly because of his Catholic faith.

20. In fall 2024, Plaintiff applied for a sabbatical to conduct research and write a book. Defendant denied Plaintiff a sabbatical until 2032 because of the PIP.

21. In September 2024, Plaintiff took medical leave.

22. While Plaintiff was on leave, Defendant assigned Natalie Hudson and Grant Neeley to teach Plaintiff's classes.

23. Neither Hudson or Neeley are disabled and both are under the age of 40.

24. Further, Defendant allows Hudson and Neeley to teach at least part of their classes remotely.

25. In the fall of 2024, Defendant allowed another professor, David Watkins, to teach his classes 100% remotely.

26. Watkins is not disabled and is under the age of 40.

27. The courses Defendant assigned Plaintiff to teach are not in his field of political science.

## COUNT I – AGE DISCRIMINATION
### (ADEA & Ohio Title 4112)

28. Plaintiff incorporates his allegations set forth in the preceding paragraphs as if fully rewritten herein.

29. Plaintiff is over the age of 40 and was qualified to perform his job duties.

30. Plaintiff is substantially older than the individuals currently performing his job duties.

31. The reason Plaintiff was discriminated against and disciplined was because of Plaintiff's age.

32. Defendant was specifically aware of Plaintiff's age at the time he was disciplined and treated Plaintiff differently than other similarly situated employees that were under the age of 40 or substantially younger than Plaintiff.

33. Defendant's conduct was intentional.

34. Defendant's conduct was at all times in violation of the Age Discrimination in Employment Act and Ohio Title 4112.

35. Defendant acted with malice and/or reckless malfeasance toward Plaintiff's protected rights and for such willful conduct, Defendant is liable for liquidated and punitive damages.

36. As a direct and proximate result of Defendant's conduct in contravention of Age

Discrimination in Employment Act and Ohio Title 4112 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

## COUNT II – DISABILITY DISCRIMINATION
**(ADA & Ohio Title 4112)**

37. Plaintiff incorporates his allegations set forth in the preceding paragraphs as if fully rewritten herein.

38. The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

39. Plaintiff is disabled as defined by the ADA.

40. Plaintiff is qualified, with or without reasonable accommodation to perform the essential functions of his job.

41. By disciplining Plaintiff, moving Plaintiff's office, denying him a sabbatical, and treating Plaintiff differently than similarly situated nondisabled employees, Defendant discriminated against Plaintiff on the basis of his disability.

42. Defendant's discriminatory actions were motivated by discriminatory animus towards Plaintiff's disability.

43. As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

44. As a result of Defendant's disparate treatment, Plaintiff was treated differently than similarly situated employees without disabilities.

45. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and common law including but not limited to emotional and

physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which Plaintiff was entitled, an amount to be determined at trial.

## COUNT III – RELIGIOUS DISCRIMINATION
### (Title VII & Ohio Title 4112)

46. Plaintiff incorporates his allegations set forth in the preceding paragraphs as if fully rewritten herein.

47. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of his religion, Catholic. Specifically, Plaintiff was teaching about the interaction of the Catholic faith and politics. Plaintiff stated factual points about how the Catholic religion and certain political groups or movements cannot coincide based on its foundation. A student complained about Plaintiff's factual teaching related to the Catholic faith and this complaint formed part of Plaintiff's performance improvement plan.

48. Plaintiff is a member of a protected class and was qualified for the position.

49. Defendant disciplined Plaintiff and prevented Plaintiff from teaching for pre-textual reasons because of his religion, all in violation of 42 USC § 2000(e) and Ohio Title 4112.

50. By treating Plaintiff differently and otherwise discriminating against her on the basis of his religion, Defendant committed unlawful employment practices within the meaning of 42 U.S.C. § 2000(e) in violation of Title VII of the Civil Rights Act of 1964, as amended and Ohio Title 4112.

51. As a direct and proximate result of Defendant's conduct in contravention of Title VII of the Civil Rights Act of 1964 and Ohio Title 4112 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which

6

Plaintiff was entitled in an amount to be determined at trial.

### COUNT IV – RETALIATION
### (ADA and Ohio Title 4112)

52. Plaintiff incorporates his allegations set forth in the preceding paragraphs as if fully rewritten herein.

53. Following Plaintiff's request for an accommodation pursuant to his disability, Defendant placed Plaintiff on a PIP, denied him a sabbatical, and denied him the ability to teach classes remotely.

54. Defendant treated Plaintiff differently with respect to the terms and conditions of her employment Plaintiff because of her continued participation in protected activity.

55. Defendant's actions constitute retaliation as prohibited by the ADA and Ohio Title 4112.

56. Because of Defendant's retaliation, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which Plaintiff was entitled, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Mark Ensalaco prays that this Court award a judgment against Defendant University of Dayton on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.


Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst
Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone:     (614) 232-8692
Facsimile:      (614) 469-7170
Email: Erica@ksrlegal.com
           ASalvino@ksrlegal.com
*Counsel for Plaintiff*

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst
Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone:     (614) 232-8692
Facsimile:      (614) 469-7170
Email: Erica@ksrlegal.com
           ASalvino@ksrlegal.com
*Counsel for Plaintiff*